UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANDRE WINSTON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-4013 |
| | ) | |
| BRANDI WILKERSON *et al.*, | ) | |
|     Defendants. | ) | |

<u>ORDER</u>

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) and a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 3) filed by Plaintiff Andre Winston, a resident of the Illinois Department of Human Services Treatment and Detention ("TDF") Facility under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*.

**I.     Screening Standard**

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true,

liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II.   **Factual Allegations**

Plaintiff identifies the following TDF officials: G. Donathan, K. Parker, K. Queen, L. Wagner, Brandi Wilkerson, and John and Jane Does.

On December 28, 2024, Plaintiff claimed he was asleep. Defendant Wilkerson wrote an incident report accusing Plaintiff of exposing his erect genitalia. On January 6, 2025, Plaintiff received a notice of appearance before the behavior committee delivered by a third party who was not present on December 28, 2024.

On January 8, 2024, Plaintiff appeared before a behavior committee comprised of Defendants Parker, Queen, and Wagner. Plaintiff submitted a written statement (1) asserting he had not received a copy of the incident report, (2) providing his version of events, and (3) claiming the incident report contained false information. (Pl. Compl. Doc. 1 at 14.) The committee, relying on the incident report and Plaintiff's account, determined that he committed sexual misconduct and dropped Plaintiff from advanced to general status.

III.   **Analysis**

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." *Id*. In *Sandin v. Conner*, 515 U.S. 472, 483 (1995), the United States Supreme Court explained that state-created

liberty interests-which is to say, due process protections—"will be generally limited to freedom from restraint which, ... imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id*. at 483. "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005)' see also *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause.").

Plaintiff's account shows that Defendants enforced a Rushville rule regarding sexual misconduct by imposing a downgrade of his status, which under the circumstances presented do not violate any of his federally secured rights. Plaintiff had no federal Due Process right to be free from deficient enforcement of Rushville's policies and procedures. Consequently, Plaintiff's Complaint is dismissed as it fails to state a claim upon which relief can be granted. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff

must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

Plaintiff's IPF Petition (Doc. 3) remains pending.

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

2) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED June 18, 2025.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE